UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:  Case Number:  08-15716-7

ROBERT J. RISLER,

                Debtor.

---

RANDI L. OSBERG, TRUSTEE,

                Plaintiff,

v.  Adversary Number: 09-132

ROBERT J. RISLER and JERRY RISLER,

                Defendants.

---

## MEMORANDUM DECISION

On November 22, 2010, the Court conducted a hearing on the chapter 7 trustee's motions for default and/or summary judgment in this case.  The trustee was represented by Christopher M. Seelen, and Robert Risler was represented by Mart W. Swenson.  Jerry Risler appeared pro se.  The following constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.  Based upon the record, the Court concludes that it is appropriate to grant the trustee's motion for summary judgment.

When the debtor filed bankruptcy, he was one of the title owners of a parcel of real estate located in Boyceville, Wisconsin.  According to a warranty deed and a quit claim deed, both of which were recorded in April of 2007, the property was

owned by Robert J. Risler and Jerry T. Risler as joint tenants. Jerry Risler is the debtor's son. Neither the debtor nor his son reside in the property, and it is not the homestead of either one of them. The trustee indicates that the property tax bill reflects that the property has a fair market value of $87,600.00, and there are no liens against it. If this valuation proves true, the debtor's unencumbered 50% interest in the property is worth approximately $43,800.00. The debtor only scheduled about $35,000.00 in unsecured claims, and has not claimed the property as exempt. The trustee requests judgment authorizing both the sale of the property free and clear of liens pursuant to 11 U.S.C. § 363(f) and the conveyance of the co-owner's interest in the property pursuant to § 363(h).[1]

Summary judgment is appropriate where there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The existence of a minor factual dispute or discrepancy does not render a summary judgment motion deficient; instead, summary judgment is to be denied only if there is a "*genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A material fact is one related to a disputed matter that might affect the outcome of the action. Id. When deciding whether there is a genuine issue of material fact, all facts are construed in the light most favorable to the non-moving party, and all reasonable inferences are drawn in favor of that party. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003); see also Schuster v. Lucent Techs., Inc., 327 F.3d 569 (7th

---

[1] The proceeds of the sale, of course, would be divided equally between Jerry and Robert's bankruptcy estate.

Cir. 2003). The Court's role is not to resolve factual issues, but to grant summary judgment if there can be "but one reasonable conclusion." Liberty Lobby, 477 U.S. at 250.

Here, it is uncontested that the deeds reflect that Robert and his son each own a 50% interest in the property as joint tenants. Jerry indicates that he purchased the property in 2007 for $38,000.00 (as he puts it, "this is the total price, not half").[2] He also says that he put his father's name on the title because his personal health problems required that he have someone to help manage the property. He has been unemployed for a number of years and apparently cannot handle care and maintenance of the property on his own. He uses the rents from the property to help make the mortgage payments on his own home, and he is concerned that without it, he will be forced into bankruptcy himself.

The Court is sympathetic to Jerry's plight, and it is unfortunate that the parties did not consult with an attorney prior to acquiring the property. But the deed is what it is, and it is too late to change it now.[3] On the face of the deed, Robert owns one-half of the property. When he filed bankruptcy, all of his assets became property of the bankruptcy estate. Under 11 U.S.C. § 541(a)(1), property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The scope of this provision is broad and all

---

[2] Obviously, this price is not consistent with the fair market value on the tax bill, and recent economic events may have a detrimental effect on the actual selling price of the property. However, the true value of the property is irrelevant to the resolution of the trustee's motion.

[3] Or, as one court put it in a similar context, "to re-write history." See In re Barth, Adv. No. 08-2062, 2008 WL 5170558, at *8 (Bankr. E.D. Wis. Nov. 7, 2008).

3

encompassing.  See Chappel v. Proctor (In re Chappel), 189 B.R. 489 (B.A.P. 9th Cir. 1995).  The intent of the statute is to include all property rights of the debtor, even if that interest is contingent.  Movitz v. Palmer (In re Palmer), 167 B.R. 579 (Bankr. D. Ariz. 1994).  Robert's interest in the real estate became property of the bankruptcy estate and is subject to the trustee's control as he attempts to discharge his duty to Robert's creditors by selling all non-exempt assets to provide them with a distribution.[4]

Whatever the equitable interests may have been between father and son, creditors are entitled to rely "on the face of the deed."  See Dubis v. Zarins (In re Teranis), 128 F.3d 469, 472 (7th Cir. 1997).  In Teranis, the debtor's mother purchased a condominium and titled it in both of their names.  Much as in the present case, when the debtor filed for bankruptcy, the trustee sought to sell the condominium.  The trustee contended that the estate now held the daughter's interest in the property and could compel the sale of the property pursuant to § 363(h).  The mother argued that the debtor had only "bare legal title" to a portion of the property, which was purchased with the mother's money and which was only supposed to go to the daughter after her mother's death.  In rejecting this argument, the Seventh Circuit stated:

> Even though her name is on the deed as owner, [the debtor] wants to claim that the property is a gift, and, moreover, a future gift, so that it cannot be taken by her creditors.  Despite [the mother's] argument to the contrary, it does not matter whether she did or did not intend to

---

[4] Further, as of the petition date the trustee is vested with the same rights as a judicial lien creditor holding a perfected lien or a bona fide purchaser of the property.  See 11 U.S.C. § 544(a).

4

> give one half of the condominium to [the debtor] at the signing of the deed or all of it at her, [the mother's], death; the fact remains that [the debtor's] name is on the deed now.

Id. Further, the court rejected the notion that the mother could assert a constructive trust against the property because there was no unjust enrichment and the benefit obtained by the daughter was not obtained by fraud, duress, mistake, or other unconscionable conduct. Id. at 473.

Put simply, "[w]here a deed is unambiguous, it is conclusive proof of ownership." Kepler v. Koch (In re Kirchner), 372 B.R. 459, 465 (Bankr. W.D. Wis. 2007). As the Wisconsin Supreme Court has observed, if a deed is susceptible to only one interpretation on its face, its construction is purely a question of law and extrinsic evidence cannot be used to show the intent of the parties. Rikkers v. Ryan, 76 Wis. 2d 185, 188, 251 N.W.2d 25 (Wis. 1977); see also Grygiel v. Monches Fish & Game Club, Inc., 2010 WI 93, 787 N.W.2d 6, 14 (2010); Konneker v. Romano, 2010 WI 65, 326 Wis. 2d 268, 785 N.W.2d 432, 441 (2010). In Teranis, the Seventh Circuit sympathized with a mother "adversely affected by her daughter's bankruptcy," but concluded that the daughter was properly considered a coequal owner of the property and that the trustee was authorized to sell the entire condominium. 128 F.3d at 474. In this case, the unfortunate reality is that it does not matter how Robert acquired his interest in the home, whether he ever lived there, or even that the sale of the property will adversely affect Jerry. What matters is the language of the deed, which unambiguously provides that Robert and Jerry own the property as joint tenants. On the face of the deed, Robert has a

5

50% interest in the property which the trustee is authorized to sell for the benefit of creditors.

Accordingly, the trustee's motion for summary judgment must be granted. The property may be sold pursuant to 11 U.S.C. §§ 363(f) and (h).

Dated:  December 2, 2010

> BY THE COURT:
>
> /s/ Thomas S. Utschig
> _____
> Hon. Thomas S. Utschig
> U.S. Bankruptcy Judge